UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANN E HANSON                                                              PLAINTIFF

v.                                  No. 5:21-CV-05011

JOSHUA HELFER-INGLE                                                       DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant's motion (Doc. 7) to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. Defendant's motion also asks the Court to strike the "many redundant, immaterial, impertinent, scandalous, inadmissible, self-serving, and prejudicial matters, allegations, statements, citations, and conclusions" in Plaintiff's complaint. (Doc. 7, p. 1). Defendant also filed a brief (Doc. 8) in support. Plaintiff filed a response (Doc. 10) in opposition. For the reasons stated below, the motion will be denied, but Plaintiff will be ordered to supplement her complaint or file a response to this order.

On January 14, 2021, Plaintiff filed her complaint and asserted this Court has original jurisdiction pursuant to 28 U.S.C.§ 1332, which vests jurisdiction in this Court when the suit is between parties with complete diversity of citizenship and an adequate amount is in controversy. Defendant argues this Court lacks subject matter jurisdiction because Plaintiff's complaint does not meet the amount in controversy.

The party invoking the Court's jurisdiction has the obligation to show facts supporting jurisdiction, which here requires Plaintiff to allege facts that, taken as true, show the amount in controversy exceeds $75,000, exclusive of interest and costs. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). "Although the sum claimed by the plaintiff in good faith is usually dispositive, it does not control where it appears to a legal certainty that the plaintiff's claim

1

is actually for less than the jurisdictional amount." *Id*. "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim.'" *Id*. (quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)).

Here, Plaintiff's complaint requests damages for past medical expenses, medical expenses reasonably certain to be experienced, past pain and suffering, pain and suffering reasonably certain to be experienced in the future, past mental anguish, mental anguish reasonably certain to be experienced in the future, past emotional injuries, emotional injuries reasonably certain to be experienced in the future, temporary reduction of earning capacity, and lost wages. Plaintiff alleges Defendant's vehicle struck Plaintiff's vehicle from the rear which resulted in Plaintiff suffering bodily injuries, mental and emotional injuries, lost wages, and temporary reduction in earning capacity which exceeds the amount required for diversity jurisdiction. Plaintiff further alleges she missed 13 weeks of work which caused approximately $34,000 in lost wages. Although the Plaintiff did not allege a specific amount in excess of $75,000, the Court cannot say to a legal certainty that the amount in controversy is less than the jurisdictional threshold.

However, the complaint does not sufficiently allege the citizenship of Plaintiff and Defendant. Plaintiff's complaint alleges Plaintiff is a resident of Colorado and Defendant is a resident of Arkansas. Plaintiff's allegations provide insufficient basis to determine the citizenship of the parties. *See Reece*, 760 F.3d at 777-78 (discussing at length the necessity of alleging citizenship as opposed to residency in order to establish jurisdiction and stating "[b]ecause of [the] ambiguity in word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"). Furthermore, the state where a person resides is not necessarily that person's domicile. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48

(1989). Rather, citizenship for diversity purposes must be determined by a person's physical presence in a state with his or her intent to remain there indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).

Absent an alternative basis for jurisdiction, Plaintiff must properly establish that complete diversity exists among the parties as set forth above. Congress has provided that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. **The Court therefore directs Plaintiffs to supplement her jurisdictional allegations by filing a response to this order or an amended complaint by March 1, 2021**, fully addressing the concerns listed above. Plaintiff is advised that failure to substantiate that this Court can appropriately exercise jurisdiction will result in dismissal of this action for lack of subject matter jurisdiction.

Defendant also argues Plaintiff's complaint should be dismissed for failure to state a claim because Defendant states in his affidavit attached as an exhibit to this motion that he was not driving the vehicle that allegedly struck Plaintiff's vehicle. In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence of illegal [activity]," the Court should deny a motion to dismiss. *Id.* at 556.

Plaintiff's complaint alleges Defendant was driving an automobile that struck Plaintiff's vehicle, and Defendant left the scene after the collision. The facts alleged when accepted as true state a claim for negligence, and Defendant's reliance on his own affidavit to contradict Plaintiff's allegations is inappropriate in a motion to dismiss. Defendant's motion to dismiss for failure to state a claim will be denied.

Defendant also moves to strike from Plaintiff's complaint (a) references to a traffic citation issued to defendant; (b) references to liability insurance; and (c) the letter from Plaintiff's employer explaining the lost wages attached as an exhibit to the complaint. Defendant argues these items must be struck from Plaintiff's complaint because they are "redundant, immaterial, impertinent and scandalous." (Doc. 8, p. 6). Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party." However, the Court enjoys "liberal discretion" under this rule and "striking a party's pleadings is an extreme measure, and as a result . . . motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Defendant has not clearly demonstrated that the identified items are "redundant, immaterial, impertinent, or scandalous matter," and given that motions to strike under 12(f) are viewed with disfavor and infrequently granted,[1] Defendant's motion to strike will be denied.

---

[1] *Stanbury*, 221 F.3d at 1063.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 7) to dismiss for lack of jurisdiction, motion to dismiss for failure to state a claim, and motion to strike are DENIED.

IT IS FURTHER ORDERED that Plaintiff must supplement her jurisdictional allegations by March 1, 2021, as described above.

IT IS SO ORDERED this 22nd day of February, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE